UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER MICHAEL DUNN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-1791 DB<br><br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence, plaintiff's testimony, residual functional capacity determination, and hypothetical question to the Vocational Expert constituted error. For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

////

////

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 2 & 6.)

# PROCEDURAL BACKGROUND

In September of 2015, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on May 27, 2014. (Transcript ("Tr.") at 16, 338-39.) Plaintiff's alleged impairments included anxiety, PTSD, and depression. (Id. at 361.) Plaintiff's application was denied initially, (id. at 240-44), and upon reconsideration. (Id. at 248-52.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on February 9, 2017. (Id. at 174-209.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 174-76.) In a decision issued on March 20, 2017, the ALJ found that plaintiff was not disabled. (Id. at 28.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since May 27, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: Osteoarthrosis, status post anterior cervical decompression and fusion of C4-C7 (twice), post-traumatic stress disorder (PTSD), depression and anxiety (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he is not able to climb ladders, ropes, and scaffolds. He is frequently able to climb ramps/stairs, stoop, kneel, crouch, and crawl. Mentally, he is limited to performing routine, repetitive tasks. He is limited to no more than occasional changes in the routine work setting. He is limited to no more than occasional interactions with members of the public, co-workers, and supervisors.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. The claimant was born on June 11, 1968 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

        8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

        9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

        10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

        11. The claimant has not been under a disability, as defined in the Social Security Act, from May 27, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 18-28.)

On July 19, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's March 20, 2017 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on August 28, 2017. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

////

////

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

**APPLICATION**

Plaintiff's pending motion argues that the ALJ committed the following four principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; (2) the ALJ's treatment of plaintiff's subjective testimony constituted error; (3) the ALJ's residual functional capacity determination was erroneous; and (4) the ALJ's hypothetical question to the Vocational Expert was incomplete. (Pl.'s MSJ (ECF No. 13-1) at 15-26.[2])

**I.     Medical Opinion Evidence**

Plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted error.

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

(Id. at 15-19.)  The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]"  Lester, 81 F.3d at 830.  This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

**A.    Becky Almeida, MFT-Intern**

Plaintiff first challenges the ALJ's treatment of the opinion offered by plaintiff's treating therapist, Becky Almeida, a Marriage and Family Therapist Intern.  (Pl.'s MSJ (ECF No. 13-1) at 17.)  The ALJ's decision acknowledged that MFT-Intern Almedia was plaintiff's "primary treater since February of 2016."  (Tr. at 26.)  An MFT-Intern is not an "acceptable medical source" but instead an "other source."  See Casner v. Colvin, 958 F.Supp.2d 1087, 1097-98 (C.D. Cal. 2013).

The ALJ's decision did not recount or characterize MFT-Intern Almeida's opinion.  However, the ALJ stated that "[p]artial evidentiary weight is given to the opinion of Becky Almeida, MFT-Intern," because "as a therapist, Ms. Almeida, is not considered an acceptable

medical source." (Tr. at 26.)

"An ALJ may discount the opinion of an 'other source,' . . . if she provides 'reasons germane to each witness for doing so.'" Popa v. Berryhill, 872 F.3d 901, 906 (9th Cir. 2017) (quoting Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012)); see also Petty v. Colvin, 954 F.Supp.2d 914, 926 (D. Ariz. 2013) ("An ALJ is free to discount testimony from other sources, but as the Commissioner concedes, he must give reasons germane to each witness for doing so.").

Discrediting the opinion of MFT-Intern Almeida because it was not an opinion from an acceptable medical source is not a reason germane to MFT-Intern Almeida. Instead, it is true of all opinions from other sources. And if this were permissible, an ALJ would never have to consider an "other source" opinion. Accordingly, the court finds that the ALJ failed to offer a germane reason for discrediting MFT-Intern Almeida's opinion.

### 2. Dr. Farjallah Nassim Khoury

Plaintiff next challenges that ALJ's treatment of the opinion of Dr. Farjallah Nassim Khoury. (Pl.'s MSJ (ECF No. 13-1) at 18.) Dr. Khoury examined plaintiff on January 30, 2016. (Tr. at 649.) The ALJ recounted Dr. Khoury's opinion with respect to plaintiff's functional limitations. (Id. at 23.) Relevant here, the ALJ acknowledged that Dr. Khoury opined that plaintiff "should only occasionally reach overhead or forward at desk level." (Id.)

The ALJ afforded Dr. Khoury's examining opinion "[g]reat evedentiary weight" because the opinion was "consistent with and supported by the medical evidence that shows the claimant's physical improvement." (Id. at 26.) The ALJ's residual functional capacity ("RFC") determination, however, did not account for Dr. Khoury's opined limitation to occasional overhead and forward reaching. (Id. at 20.)

Dr. Khoury was an examining physician. An examining physician's uncontradicted opinion, like a treating physician's, may be rejected only for clear and convincing reasons, and when an examining physician's opinion is controverted by another doctor's opinion, the examining physician's opinion may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. Here, the ALJ gave no reason for failing to incorporate Dr. Khoury's opinion that plaintiff was limited to occasional overhead

and forward reaching into the ALJ's RFC determination.

Accordingly, for the reasons stated above, the court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of the medical opinion evidence constituted error.[3]

**II. Plaintiff's Subjective Testimony**

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 13-1) at 19-22.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

////

---

[3] Plaintiff's motion contains a confusing argument concerning the ALJ's alleged failure "to properly resolve the conflict between the opinion of Dr. Stiles . . . and the opinion of Dr. Bauer and Dr. Matues[.]" (Pl.'s MSJ (ECF No. 13-1) at 17-18.) The ALJ, however, afforded the opinions' of Drs. Bauer and Matues "great evidentiary weight" while affording Dr. Stiles' opinion only "[p]artial evidentiary weight[.]" (Tr. at 26-27.)

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ recounted plaintiff's testimony noting that plaintiff "last worked 3 to 4 years ago as a materials handler." (Tr. at 20.) "He has sciatica, shooting pain down his left leg." (Id.) Plaintiff also suffers from PTSD, experiencing "panic attacks twice a week that last one hour to most of the day." (Id.) Plaintiff lacks motivation, is not able to deal with changes or people. (Id.)

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, but that plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reason explained in [the] decision." (Id. at 21.) The ALJ's decision then proceeds to generally discuss plaintiff's medical record for three pages. (Id. at 21-23.)

////

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

8

Although it is possible that the ALJ asserted reasons within those pages for discrediting plaintiff's testimony, it cannot be said that those reasons are clear. For example, the ALJ notes that on February 3, 2014, plaintiff reported he "was not taking any medication except for occasional Ibuprofen." (Id. at 21.) The next paragraph, however, explains that on May 17, 2014, plaintiff "underwent anterior cervical decompression and fusion of C4 through C7." (Id.)

In July of 2015, plaintiff "reported great relief from his pain." (Id.) But on October 5, 2015, he was "honorably discharged . . . with 100 percent disability due to service-connected disabilities." (Id.) "On October 28, 2015, an SSA representative interviewed the claimant and observed no physical or mental symptoms." (Id.) But on January 7, 2016, plaintiff was examined and found to be "significantly limited" and "moderately limited" in many areas of functioning. (Id. at 22.)

At the end of this lengthy recounting of conflicting medical records, the ALJ did find that "the medical evidence of record only partially supports the claimant's allegations." (Id. at 23.) However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

Accordingly, the ALJ failed to offer clear and convincing reasons for rejecting plaintiff's testimony. Plaintiff, therefore, is also entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

////

////

### III. Residual Functional Capacity Determination

Plaintiff also argues that the ALJ's RFC finding was erroneous. (Pl.'s MSJ (ECF No. 13-1) at 22-23.) A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1). The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record." Id.

Here, because of the ALJ's errors with respect to the opinions of MFT-Intern Almeida and Dr. Khoury, and the improper rejection of plaintiff's subjective testimony, it cannot be said that the ALJ's RFC determination was based on all relevant evidence in the case record. For example, despite affording "great evidentiary weight" to Dr. Khoury's opinion, the ALJ's RFC determination did not account for Dr. Khoury's opined limitation to occasional overhead and forward reaching. (Tr. at 20, 26.)

Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ's RFC determination was erroneous.

### IV. Vocational Expert's Hypothetical Question

Finally, plaintiff argues that the ALJ's hypothetical question to the Vocational Expert ("VE") was incomplete. (Pl.'s MSJ (ECF No. 13-1) at 23-26.) At step five, "the Commissioner has the burden 'to identify specific jobs existing in substantial numbers in the national economy that [a] claimant can perform despite [his] identified limitations.'" Zavalin v. Colvin, 778 F.3d 842, 845 (9th Cir. 2015) (quoting Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (alterations in original)). "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806-07 (9th Cir. 2016).

An ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence. However, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).

////

1   "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the
2   expert's testimony has no evidentiary value to support a finding that the claimant can perform
3   jobs in the national economy." Id. (citation and quotation marks omitted); see also Taylor v.
4   Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the
5   hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's
6   testimony cannot constitute substantial evidence to support the ALJ's findings."). Moreover,
7   "[w]hen there is an apparent conflict between the VE's testimony and the Dictionary of
8   Occupational Titles ("DOT")—for example, expert testimony that a claimant can perform an
9   occupation involving DOT requirements that appear more than the claimant can handle—the ALJ
10  is required to reconcile the inconsistency." Zavalin, 778 F.3d at 846.

11      Here, the ALJ's hypothetical question to the VE did not account for plaintiff's limitation
12  to only occasional overhead and forward reaching. (Tr. at 205-06.) Answering the ALJ's
13  hypothetical question, the VE identified the jobs of Inspector/Hand Packager, Assembler, Small
14  Products, and Final Inspector. (Id. at 206-07.) And the ALJ found, based on the VE's testimony,
15  that plaintiff's RFC allowed plaintiff to perform those jobs. (Id. at 28.)

16      Those jobs, however, require frequent reaching. See INSPECTOR AND HAND
17  PACKAGER, DICOT 559.687-074; ASSEMBLER, SMALL PRODUCTS I, DICOT 706.684-
18  022; FINAL INSPECTOR, DICOT 727.687-054. "Although the DOT does not specify whether
19  the requisite 'reaching' includes reaching above shoulder level or fully forward, relevant legal
20  authorities suggest that it does." Riffner v. Colvin, No. EDCV 14-0327 JC, 2014 WL 3737963, at
21  *4 (C.D. Cal. July 29, 2014) (collecting cases); see also Irvin v. Social Sec. Admin., 573 Fed.
22  Appx. 498, 502 (6th Cir. 2014) ("Because it is unclear whether the oil-inspector position requires
23  only frequent, rather than constant, reaching, handling, or fingering, it is unclear whether the
24  Commissioner would have met his step-five burden of demonstrating that Irvin could perform this
25  job if all of Hernandez's and Loy's restrictions had been included in the ALJ's hypothetical
26  question to the VE.").

27      Accordingly, plaintiff is also entitled to summary judgment on the claim that the ALJ's
28  hypothetical question to the Vocational Expert ("VE") was incomplete.

# CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff argues that this "case should be remanded[.]" (Pl.'s MSJ (ECF No. 13-1) at 26.) The court agrees.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 13) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 17) is denied;

3. The Commissioner's decision is reversed;

////

////

////

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated: September 19, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\dunn1791.ord